UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DOUGLAS K. MISENER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:12-CV-036 JD |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## Opinion and Order

On February 3, 2012, Plaintiff, Douglas K. Misener ("Misener"), filed a complaint in this Court, seeking remand of the Administrative Law Judge's ("ALJ") denial of Social Security Disability Benefits. [DE 1]. On February 20, 2013, the Court remanded this case for reconsideration by the ALJ. [DE 26]. Thereafter, on May 21, 2013, Misener's counsel filed a motion for attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [DE 28]. On June 6, 2013, the Defendant, the Commissioner of Social Security ("Commissioner"), filed a response in opposition to this motion, to which Misener replied on June 15, 2013. [DE 30, 32]. For the following reasons, the Court now grants Misener's motion.

### I. Procedural Background

On October 1, 2008, Misener filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging a disability beginning June 27, 2006. [DE 28 at 1]. On February 17, 2009, Misener's initial application was denied; and, upon reconsideration, the application was denied again on May 6, 2009. *Id*. Misener then requested a hearing before an ALJ, which was held on June 24, 2010, before ALJ John S. Pope. *Id*.

On October 7, 2010, the ALJ issued his decision finding that Misener was not disabled. *Id.* Therein, the ALJ concluded that Misener had not engaged in substantial gainful activity since the onset of his alleged disability. [DE 26 at 12]. Further, the ALJ concluded that Misener had the severe impairments of degenerative disc disease, bilateral knee pain, left ankle pain, osteoarthritis, diabetes, hypertension, depression, bipolar disorder, and posttraumatic stress disorder. *Id.* However, the ALJ concluded that Misener did not have an impairment or combination of impairments that met or medically equaled any of those included in the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Instead, the ALJ found that Misener had the residual functional capacity ("RFC") to perform sedentary work, except that he could only occasionally climb, balance, stoop, kneel, crouch, and crawl; he needed to use a cane for ambulation; and he was limited to unskilled work involving only brief, superficial interactions with fellow workers, supervisors, and the public. *Id.* at 13. Considering Misener's age, education, work experience, and RFC finding, the ALJ determined that Misener was not able to perform any of his past relevant work. *Id.* However, considering the same, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Misener could perform. *Id.* Consequently, the ALJ found that Misener was not disabled, and therefore, not entitled to Social Security Benefits. *Id.* Thereafter, the Appeals Council denied Misener's request for review, making the decision of the ALJ the final decision of the Social Security Administration. *Id.* at 2.

On February 3, 2012, Misener filed his complaint in this Court seeking review of the final decision of the Social Security Administration. [DE 1]. On February 20, 2013, this Court found in favor of Misener and remanded the matter to the Commissioner for reconsideration. [DE 26]. The Court did so for two reasons. First, the Court determined that the ALJ failed to

2

account for off-task time or absenteeism when formulating the RFC. *Id*. at 30. In this regard, the ALJ did not make any determination of Misener's probable rate of off-task time or absenteeism. *Id*. Second, the Court noted that the RFC failed to account for the ALJ's finding that Misener had moderate limitations on concentration, persistence, and pace. *Id*. The RFC limited Misener to unskilled work involving only brief interactions with others. *Id*. at 31. However, limiting Misener's interactions with others did not fully account for his difficulties with memory, concentration, or mood swings. *Id*. This RFC would not alleviate Misener's problems with having to reread things or his problems with poor concentration, inattentiveness, and restlessness. *Id*. at 31–32. Therefore, the Court found that the ALJ had improperly failed to include those limitations in his RFC. *Id*. at 32. The matter was accordingly remanded for further proceedings before the Commissioner. As the prevailing party, Misener then moved for an award of attorneys' fees under the EAJA.

## II. Analysis

The EAJA provides that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b). A party seeking an award of fees for a successful action against the government is entitled to recover his attorney's fees if: (1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court. 28 U.S.C. §§ 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004). Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct, which includes the ALJ's decision, or the Commissioner's litigation position lacked substantial

3

justification. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. To be substantially justified, the Commissioner's position must have a reasonable basis in law and fact, and there must be a reasonable connection between the two. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. The Commissioner has the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

The Commissioner makes three arguments against Misener's motion for attorney's fees. [DE 30]. The arguments are: (1) the government's position was substantially justified; (2) the fees sought by Misener are unreasonable; and (3) if an award is granted, paying it directly to Misener's attorney would be improper. *Id*. The Commissioner does not contest, however, that Misener is the prevailing party or that Misener's application for fees was timely.

**A.      The Commissioner's Position Was Not Substantially Justified**

The boundaries of what constitutes substantial justification have been addressed by the Seventh Circuit in two complementary cases. *Compare Cunningham*, 440 F.3d 862; *with Golembiewski*, 382 F.3d 721. In *Golembiewski*, the Seventh Circuit concluded that the Commissioner's position was not substantially justified when the ALJ had committed several errors, such as failing to properly assess the claimant's credibility, ignoring and misstating record evidence, and failing to consider the limiting effect of claimant's symptoms in the aggregate. *Golembiewski*, 382 F.3d at 724–25. However, in *Cunningham,* the Seventh Circuit concluded that the Commissioner was substantially justified in defending an ALJ's decision where the ALJ simply failed to meet the requirement to sufficiently articulate the justifications for his decision. *Cunningham*, 440 F.3d at 864–65. Another district court has summarized these decisions as follows:

> [I]f the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny [attorneys'] fees. If the case for

4

> remand is closer, and especially if it focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.

*Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006).

In the Court's prior order remanding this case, the Court found that the ALJ, when formulating the RFC, failed to account for (1) off-task time or absenteeism and (2) moderate limitations on concentration, persistence, and pace. [DE 26 at 30]. This Court recognized that the first failure could probably just be corrected with clarification by the ALJ, as it was not clear whether the ALJ had failed to consider the issue or whether he had considered it and concluded without explanation that it did not justify any limitations. *Id*. If this were the only failure, then *Cunningham* would probably guide this motion. *Cunningham*, 440 F.3d at 865 (noting that just because the ALJ was not as thorough in his analysis as he could have been does not mean that the Commissioner was not substantially justified). The remand would be the result of an inadequate explanation, and this Court would likely deny the attorneys' fees.

However, there was a second failure as well, more closely resembling the *Golembiewski* case. As to this issue, the ALJ failed to acknowledge legal precedent when he disregarded Misener's problems with concentration, persistence, and pace. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620–21 (7th Cir. 2010) (requiring a remand because the ALJ did not address the plaintiff's problems with concentration, persistence, and pace when forming hypothetical questions for the vocational expert); *Stewart v. Astrue*, 561 F.3d 679, 684–85 (7th Cir. 2009) (stressing that an ALJ's hypothetical questions to a vocational expert should include all limitations that are supported by the medical evidence, specifically concentration, persistence, and pace); *Craft v. Astrue*, 539 F.3d 668, 677–78 (7th Cir. 2008) (stressing the court's concern with the ALJ's failure to include the plaintiff's concentration, persistence, and pace problems

5

when questioning the psychiatrist). Therefore, the case was remanded for failure to comply with legal precedent, which is a ground for finding that the Commissioner was not substantially justified in his position. *Young v. Barnhart*, 134 F. App'x 81, 83 (7th Cir. 2005) (holding the Commissioner's position not substantially justified because it violated precedent); *Golembiewski*, 382 F.3d at 724 (holding that the denial of attorneys' fees constituted an abuse of discretion where the Commissioner's position "had no reasonable basis in law").

In opposition, the Commissioner argues that its position was substantially justified because: (1) the Court was not persuaded by any of Misener's arguments; (2) the ALJ's decision was handed down before the *O'Connor-Spinner* case was decided; (3) had Misener raised the dispositive issue in his brief, the Commissioner would have refuted this argument, or at least set forth a rational basis for its action; and (4) its position was substantially justified on the whole despite its loss on the merits.

The first argument is incorrect. The Court found Misener's argument that the ALJ failed to account for off-task time and absenteeism well-founded. [DE 26 at 30]. The Court stated that Misener was correct in arguing that the ALJ did not account for off-task time and absenteeism, but the Court did not further address this question as there was a more obvious ground for remand. *Id*. More importantly, the substantial justification element is analyzed solely with reference to whether "the position *of the United States* was substantially justified," not by the strength or success rate of the plaintiff's arguments on review, 28 U.S.C. § 2412(d)(1)(B) (emphasis added). The persuasiveness of Misener's arguments is thus not controlling in and of itself, though the Commissioner's relative amount of success can be considered in evaluating the substantial justification of its conduct as a whole. *Stewart*, 561 F.3d at 683–84.

The Commissioner's second argument, that its position was substantially justified because one of the precedents the Court relied on was not issued until after the ALJ's decision, is also not convincing. While it is true that *O'Connor-Spinner* was decided a month after the ALJ gave his opinion, the Court's Order also cited several other cases that stress the importance of accounting for problems with concentration, persistence, and pace, each of which was decided prior to the ALJ's opinion. [DE 26 at 31]; *see Stewart*, 561 F.3d at 684–85; *Craft*, 539 F.3d at 677–78. One of them, *Stewart*, specifically noted the "clear line of precedent" on this question and held that the Commissioner's contrary position therefore lacked substantial justification. 561 F.3d at 684–85 (collecting cases).

Third, the Commissioner argues that ample authority supported its position that the ALJ's decision was supported by substantial evidence; specifically, that it properly accounted for Misener's mental limitations. However, the Court is not persuaded by the additional argument provided by the Commissioner on this point, and does not believe that the authorities the Commissioner cites substantially justify its position. As the Commissioner concedes, the ALJ found that Misener had moderate limitations with regard to concentration, persistence, and pace, but neither the RFC nor the hypotheticals the ALJ posed to the Vocational Expert accounted for these limitations. The Commissioner's argument that the hypotheticals were sufficient because they fully encompassed the RFC fails to account for the fact that the RFC was itself deficient for not including the appropriate mental limitations, as it must. *Hill v. Astrue*, 295 F. App'x 77, 83 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(c) and *Craft*, 539 F.3d at 675–76). In addition, the cases the Commissioner cites in support of its argument that a limitation to "unskilled" work adequately accounts for moderate limitations on concentration, persistence, and pace, are readily distinguishable. Those cases affirmed the ALJ's decision on the grounds that the ALJ properly

accounted for the limitation through other factors, *Simila v. Astrue*, 573 F.3d 503, 521–22 (7th Cir. 2009), or because the ALJ credited medical testimony that the plaintiff could perform the functions in spite of their limitations, *Charette v. Astrue*, 508 F. App'x 551, 553–54 (7th Cir. 2013); *Murphy v. Astrue*, 454 F. App'x 514, 518 (7th Cir. 2012); *Milliken v. Astrue*, 397 F. App'x 218, 221–22 (7th Cir. 2010). Neither is the case here, so these cases offer no support to the Commissioner's position. To the contrary, based on the "clear line of precedent" on these questions, as noted in *Stewart*, the Court finds that the Commissioner's position on this issue was not substantially justified.

Finally, the Commissioner argues that its position was substantially justified when evaluating it in its entirety. The Commissioner is correct that a court must assess its conduct "as a whole" in determining whether its positions were substantially justified. *Stewart*, 561 F.3d at 683; *Jackson v. Chater*, 94 F.3d 274, 279–80 (7th Cir. 1996). Here, however, given that the ALJ committed clear error in violating a clearly established line of precedent on a core element of the analysis, the Court cannot conclude that the Commissioner's conduct as a whole was substantially justified. As a result, the Court finds that the Commissioner's position was not substantially justified, so Misener is entitled to an award of attorney's fees under the EAJA.

**B.     The Fees Plaintiff Seeks are Reasonable**

In addition, the Court considers the amount of the fee award to be justified. Misener's attorney has requested an EAJA fee award totaling $6,414.70, based on 31.48 hours of attorney work at a rate of $183.75 per hour; 2.73 hours of work by a law clerk with a J.D. at a rate of $125.00 per hour; and 2.89 hours of paralegal and law clerk hours at a rate of $100.00 per hour. [DE 28 at 7]. The burden at this stage is on the plaintiff to establish that the fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (also noting, however, that "a

request for attorney's fees should not result in a second major litigation"). The amount of time Misener's counsel spent on this matter is actually below the forty to sixty hour range commonly considered reasonable for social security appeals. *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases). In addition, the Commissioner does not take issue with this aspect of the fee request.

The Commissioner objects, however, to the hourly rates Misener seeks. The EAJA directs that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). In *Mathews-Sheets v. Astrue*, the Seventh Circuit held that merely referencing the rate of inflation is not enough to show that an increased hourly rate is justified. 653 F.3d 560, 563 (7th Cir. 2011). Rather, the court held that a plaintiff must show that the rate of inflation is also representative of the increase in the cost of legal services of the type rendered:

> Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an entitlement to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.

*Id.* The court suggested that the plaintiff make this showing by establishing that without the requested increase, "a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id.* at 565.

Misener has sufficiently established both the rate of inflation and that such inflation justifies an increase in the rate for the legal services provided in this matter. Specifically, Misener has attached Consumer Price Indices from 2011 and 2012, in addition to recent surveys

9

of paralegal billing rates in support of the law clerk and paralegal rates. Misener's attorney also certified in the motion (*see* Fed. R. Civ. P. 11(b)(3)) that "the undersigned knows of no practitioner who would take a Social Security case to court for the EAJA rate of $125 per hour without a cost of living adjustment," and that "attorneys willing to take these cases to Court would not be willing to do so without an enhanced fee." [DE 28 at 4, n.1]. Though perhaps not as thorough as it might have been, this suffices to establish that the increased cost of living justifies an increase in rates under the EAJA.

Misener's attorney explains that he reached the $183.75 hourly rate based on the Consumer Price Index for the "All Items" figures from when the work was performed, as compared to the same figure in 1996, when the EAJA rate was established, and multiplied that ratio by $125. *Id.* at 3–4. Specifically, Misener used the CPI for the first half of 2012 (228.85), divided that by the same number from March 1996 (155.7), and multiplied it by $125, reaching $183.75. This is completely in line with hourly rates other courts in the area have awarded, which further supports that inflation justifies these rates. *E.g.*, *Cobb v. Colvin*, No. 11 CV 8847, 2013 WL 1787494, at *2 (N.D. Ill. Apr. 25, 2013) (awarding hourly rates of $184.75 based on the April 2012 CPI); *Brent v. Astrue*, No. 11 C 964, 2012 WL 6685688, at *4 (N.D. Ill. Dec. 19, 2013) (awarding hourly rates of $182 for work done in January 2012); *Griffin v. Astrue*, No. 11 C 5091, 2013 WL 616944, at *2 (N.D. Ill. Feb. 15, 2013) (awarding hourly rates of $181.13 based on the December 2011 CPI); *Bias v. Astrue*, No. 11 C 2247, 2013 WL 615804, at *2 (N.D. Ill. Feb. 15, 2013) (awarding hourly rates of $181.25 based on the October 2011 CPI). The Court finds the fee increase requested to be reasonable and justified under the EAJA. In addition, though the Commissioner did not directly address the law clerk and paralegal hourly rates, the Court concludes that those rates are reasonable as well. *Dross-Swart v. Colvin*, No.

2:11-cv-175, 2013 WL 2250280, at *3 (N.D. Ind. May 21, 2013) (approving a $125 hourly rate for a law clerk with a juris doctor degree); *Chorak v. Astrue*, No. 2:11-cv-114, 2012 WL 1577448, at *2 (N.D. Ind. May 4, 2012) (collecting cases and approving a rate of $100 per hour for law clerks and paralegals).

C. **The EAJA Award May Properly Be Directed to Plaintiff's Attorney, Subject to Any Applicable Offset**

The Commissioner finally argues that any fee award should be paid only to Misener and not to his attorney. However, because Misener has executed an assignment of his EAJA award to his attorney [DE 31], the EAJA award may properly be paid to Misener's attorney directly. As the Seventh Circuit has stated, "if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." *Mathews-Sheets*, 653 F.3d at 565 (citing *Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the EAJA prohibits payment of an award directly to a petitioner's attorney absent contractual and other assignment-based rights)). Accordingly, the award shall be made payable to Misener's attorneys, Frederick J. Daley, Jr. and Daley, DeBofsky & Bryant, unless the Commissioner determines that Misener has a pre-existing debt to the federal government subject to offset, in which case such amounts shall be deducted from the sum paid to Misener's attorneys.

### III. Conclusion

Misener's motion for attorney's fees under the EAJA [DE 28] is GRANTED. The Court also ACCEPTS Misener's supplemental filing containing the executed assignment of EAJA fees [DE 31]. Accordingly, Misener is awarded an EAJA fee in the amount of **$6,414.70**, payable to Frederick J. Daley, Jr. and Daley, DeBofsky & Bryant, unless the Commissioner determines that

11

Misener has a pre-existing debt to the federal government subject to offset, in which case such amounts shall be deducted from the sum paid to Misener's attorneys.

SO ORDERED.

ENTERED:  November 18, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court