UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DOUGLAS K. MISENER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-CV-036 JD |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is a motion by Plaintiff's counsel for approval of attorneys' fees pursuant to 42 U.S.C. § 406(b). [DE 35]. Plaintiff Douglas K. Misener brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security. [DE 1]. The Court found in Plaintiff's favor and remanded the case to the Commissioner for further proceedings. [DE 26]. Plaintiff then filed a motion for attorney's fees under the Equal Access to Justice Act, which the Court granted in the amount of $6,414.70. [DE 33].

On remand to the Commissioner, the Commissioner found in Mr. Misener's favor and awarded him benefits effective March 2009. Mr. Misener received past due benefits of $58,458.00, which was the amount due from March 2009 through March 2014, and his two children also received child's benefits, which included payments of $13,335.00 each for the amount owed for the period of March 2009 through April 2014. Mr. Misener's counsel then filed the instant motion pursuant to 42 U.S.C. § 406(b), seeking the Court's authorization of a payment of $15,282.00 in attorneys' fees pursuant to his contingent-fee agreement with Mr. Misener, subject to their refunding their EAJA fees to Mr. Misener. Neither the Commissioner nor Mr. Misener has responded to this motion, which is now ripe for ruling.

# I. LEGAL STANDARD

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 795–96 (2002). Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court, and the combination of these fees cannot exceed 25% of a claimant's past-due benefits award. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government, and the fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id*. (citing 42 U.S.C. § 406(b)(1)(A)). Thus, under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . .". *Id*. Moreover, § 406(b) has been harmonized with the EAJA. Specifically, "Congress provided authority for awarding fees for the same work under 42 U.S.C. § 406 and the EAJA in the 1985 EAJA amendments, so long as the smaller fee is refunded to the client." *Ward v. Sullivan,* 758 F. Supp. 1312, 1315 (E.D. Mo. 1991); *see also Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)"); *Hanrahan v. Shalala,* 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) ("[W]hen attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant.").

Furthermore, the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.

> Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

## II. DISCUSSION

Here, Plaintiff's counsel request that the Court authorize under § 406(b) the payment of attorneys' fees in the amount of $15,282.00 pursuant to the contingent-fee agreement for their representation of Mr. Misener, subject to their refunding to Mr. Misener the EAJA fee of $6,414.70. This amount represents 25% of the total of $85,128 in past-due benefits awarded to Mr. Misener and his children, less the $6,000 counsel received for representing Mr. Misener before the Commissioner. *See Hopkins v. Cohen*, 390 U.S. 530 (1968) (holding that attorneys' fees under 42 U.S.C. § 406(b) can be calculated based upon benefits awarded to the claimant plus any other derivative benefits, such as benefits awarded to the claimant's children based on the claimant's award).

Counsel spent 31.73 hours litigating this matter, not accounting for time spent by paralegals and law clerks, so under a lodestar approach, this would equate to $481 per hour. While this may seem excessive at first glance, the contingent nature of the fee brings it well in line with reasonable fees for this type of work. The Seventh Circuit has estimated that 34.95% of social security cases that are appealed to the federal courts result in the claimant's receipt of benefits. *Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011). When multiplying the hourly rate in this case by the general rate of success, the effective hourly rate becomes $168, which is

slightly less than the hourly rates that are commonly awarded under the EAJA.[1] In addition, this contingency fee only applies to past-due benefits, not the amount of benefits paid going forward. Counsel estimate Mr. Misener's total lifetime benefits due to the favorable social security award to be over $338,583. The contingency fee counsel seek represents only 4.5% of that total amount, further justifying the reasonableness of the fee. Finally, counsel did not engage in any sort of delay in prosecuting this matter, such as might improperly increase the amount of past-due benefits upon which their contingency fee would be calculated. They requested only one extension of 30 days to file their opening brief, which is commonplace in these matters, and did not request any extension to file their reply brief. By comparison, the Commissioner sought two extensions of time to file its response brief.

Therefore, the Court concludes that counsel's request is reasonable and grants the request. However, as discussed above, and as counsel acknowledge, the lesser of the amount of attorney fees awarded under § 406(b) and under the EAJA must be refunded to the claimant. *See Gisbrecht*, 535 U.S. at 796.

### III.  CONCLUSION

Plaintiff's counsel's petition for attorney fees pursuant to 42 U.S.C. § 406(b)(1) [DE 35] is GRANTED.  The Court AWARDS Plaintiff's counsel attorneys' fees of $15,282.00 out of the past-due benefits awarded to Mr. Misener. Upon receipt of this sum, Counsel must refund to Mr. Misener the $6,414.70 award they received under the EAJA.

---

[1] Granted, this does not take into account cases where the district court remands the case but the Commissioner again denies benefits, in which case the attorneys may receive fees under the EAJA even though they will not receive a portion of the past-due benefits. However, this calculation still tempers the otherwise-excessive appearance of the rate.

SO ORDERED.

ENTERED: April 17, 2015

                                           /s/ JON E. DEGUILIO
                                       Judge
                                       United States District Court